Mr. James G. Sisco County Attorney St. Johns County Post Office Box 1533 St. Augustine, Florida 32085-1533
Dear Mr. Sisco:
You have asked substantially the following questions:
1. Are county tourist development councils and tourism promotion agencies created pursuant to s. 125.0104, F.S., immune from tort liability pursuant to s. 768.28, F.S.? 2. Are the members, employees and volunteer workers of such tourist development councils and tourism promotion agencies immune from tort liability under s. 768.28, F.S.? 3. Does s. 768.28, F.S., waive sovereign immunity for tourist development councils and tourism promotion agencies? 4. Does s. 768.28(9), F.S., provide protection from tort liability in the manner described therein to members, employees and volunteer workers of tourist development councils and tourism promotion agencies?
In sum:
County tourist development councils and tourism promotion agencies created pursuant to s. 125.0104, F.S., are within the scope of s.768.28, F.S. Thus, the members, employees, and volunteers, thereof, are not personally liable for torts as a result of any act within the scope of their employment of function; the exclusive remedy under the act for any such injury is an action against the county.
Your questions are interrelated and will be answered together.
Section 768.28, F.S., constitutes a limited waiver of immunity from tort liability for the state "and for its agencies or sub-divisions" to the extent provided in the act.
The statute provides in part:
Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.[1]
The waiver of immunity is limited to $100,000 on any claim or judgment by one person or $200,000 for all claims arising out of the same incident or occurrence.[2]
"State agencies or subdivisions" are defined for purposes of the statute to include "independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities . . . ."[3]
The "Local Option Tourist Development Act,"[4] s. 125.0104, F.S., authorizes counties to levy a tax on the letting or leasing of accommodations for a term of six months or less.[5] Tax revenues are to be used, among other things, "[t]o promote and advertise tourism in the State of Florida and nationally and internationally . . . ."[6]
The act requires that the county governing board adopt a resolution establishing and appointing the members of the county tourist development council at least 60 days prior to the enactment of the ordinance levying the tourist development tax.[7]
Section 125.0104(4)(e), F.S., provides that:
The governing board of each county which levies and imposes a tourist development under this section shall appoint an advisory council to be known as the "(name of county) Tourist Development Council." The council shall be established by ordinance and composed of nine members who shall be appointed by the governing board. . . . The council shall meet at least once each quarter and, from time to time, shall make recommendations to the county governing board for the effective operation of the special projects or for uses of the tourist development tax revenue and perform such other duties as may be prescribed by county ordinance or resolution. . . .
In addition, prior to enactment of the ordinance levying and imposing the tax, the county tourist development council is required to prepare and submit a plan for tourist development to the county governing board.[8] The plan must set forth the anticipated net tourist development tax revenue to be derived by the county for the 24 month period following the levy of the tax; the tax district in which the tax is proposed; and a prioritized list of the proposed uses of the tourist development tax revenue by specific project or special use. The approximate cost or expense allocated for each specific project or special use shall be included in the plan.[9] The plan must be adopted by the governing board of the county as part of the ordinance levying the tax.[10]
It is clear from these provisions that the county tourist development council acts on behalf of the county for purposes of developing and implementing the tourist development tax plan.[11]
The "Local Option Tourist Development Act," recognizes that counties imposing the tourist development tax may create agencies for the purpose of promoting tourism.[12] In addition to the powers and duties that counties may give to such agencies, the agencies are authorized and empowered to:
Provide, arrange, and make expenditures for transportation, lodging, meals, and other reasonable and necessary items and services for such persons, as determined by the head of the agency, in connection with the performance of promotional and other duties of the agency.
Furthermore, s. 125.0104(9)(c), F.S., specifically provides that such agencies may
[p]ay by advancement or reimbursement, or by a combination thereof, the actual reasonable and necessary costs of travel, meals, lodging, and incidental expenses of officers and employees of the agency and other authorized persons when meeting with travel writers, tour brokers, or other persons connected with the tourist industry, and while attending or traveling in connection with travel or trade shows. . . .
County tourism promotion agencies are clearly designated county agencies by the terms of s. 125.0104(9), F.S.
As related above, the definition of "state agencies or subdivisions" for purposes of sovereign immunity includes counties. Thus, the waiver of sovereign immunity is expressly applicable to counties and their officers and employees.
Section 768.28(9)(a), F.S., provides that the exclusive remedy for injury or damages suffered as a result of any act, event, or omission of an officer, employee, or agent of the state's subdivision shall be by action against the governmental entity, in this case the county.
Volunteers who are acting within the scope of their function on behalf of either county tourism promotion agencies or county tourist development councils are protected by s. 768.28(9), F.S., unless they act "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."[13] As this office stated in AGO 76-188, "[p]ublic officers and employees are particular kinds of state agents, but it would appear that all agents of the state share the immunity of the sovereign for acts committed within the scope of their agency." As that opinion noted, a critical feature of an agency relationship is the right of the principal to control the actions of the agent with regard to the details of the task to be accomplished. An agency relationship is created by consent of the parties and does not require consideration or compensation to the agent. Thus, that opinion concluded that volunteer private institutions acting on behalf of the Department of Health and Rehabilitative Services and subject to its monitoring and control were agents of the State of Florida in the administration of the swine flu vaccine, and, therefore, would be covered by the state's sovereign immunity.[14]
It is, therefore, my opinion that county tourism promotion agencies are county agencies and as such are subject to the waiver of sovereign immunity set forth in s. 768.28(5), F.S. Moreover, based on the statutory duties and responsibilities imposed on county tourist development councils in acting on behalf of the county and carrying out a governmental purpose, they too are subject to the statutory waiver of sovereign im-munity. Thus, the members of the county tourist development councils and county tourism promotion agencies and their employees and volunteers are not personally liable for personal injury proximately caused by their negligence while they are acting within the scope of their employment or function.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 768.28(1), F.S.
[2] Section 768.28(5), F.S.
[3] Section 768.28(2), F.S.
[4] The act is so designated by s. 125.0104(1), F.S.
[5] Section 125.0104(3)(a), F.S.
[6] See, s. 125.0104(5)(a)2., F.S., providing the exclusive purposes for which the tourist development tax revenues may be used.
[7] Section 125.0104(4)(b), F.S.
[8] Section 125.0104(4)(c), F.S.
[9] Id.
[10] Section 125.0104(4)(d), F.S.
[11] Cf., AGO 81-81, concluding that the Santa Rosa Hospital is a county agency and that the county is liable for torts committed by hospital officers and employees acting within the scope of their employment or function to the extent specified in s. 768.28, F.S.
[12] See, s. 125.0104(9), F.S.
[13] Section 768.28(9)(a), F.S.
[14] Cf., AGO 86-65, concluding that a volunteer transporting students and equipment to school activities who is not under the direction and control of the school board or the superintendent is not a governmental employee or agent for purposes of s.768.28(9)(a), F.S.